Parsons, C. J.,
who, after briefly reciting the declaration and pleadings in the original action, observed that, on inspecting the record, several questions arose.
1. Is it competent for the original defendant to show that the cattle were unlawfully distrained, to avoid the forfeiture ? In an action of rescous of cattle distrained, the defendant may, at common law defend himself by showing that the distress was without legal cause *413 oecause, in that case, the plaintiff" has the cattle unlawfully in his custody at the time of the rescous. (1) For the same reason, if the distrainor should waive his writ of rescous, and sue an action of the case to recover * his damages, the defend- [ * 473 ] ant may show the distress to be unlawful, for the plaintiff" would have suffered no injury by the rescous.
If the statute of 1788, c. 65, had created a forfeiture for a rescous, and had given an action of debt to recover it, without making any further provision, the defendant might, without doubt, have pleaded, in bar of the action, that the distress was unlawful; for if the plea had been true, he might legally retake his cattle from the custody of a trespasser.
But by the sixth section of that statute, a forfeiture of forty shillings is created for a rescous, to be recovered in an action of debt qui tam. A forfeiture of five pounds is also created for a pound breach, to be recovered in the same manner. And in the case of rescous, the party injured may recover his damages by action of the case; and in a case of pound breach, he may recover double damages by the same form of action. But it is provided that in this last action, as well as in an action to recover damages for a rescous, the defendant shall not be allowed to give in evidence the illegality of the distress, to prevent the plaintiff from recovering his full damages. This provision the plaintiff in error would, by an equitable construction of the statute, extend to the popular action of debt qui tam to recover the forfeiture incurred by a rescous.
This, it is our opinion, cannot be done. Penal statutes must be construed strictly according to the intention of the legislature, as discovered by the import of the words ; and when not remedial, are not to be extended by equitable principles. Further, statutes are not to be construed as taking away a common law right, unless the in tention is manifest. Without this provision of the statute, the defendant may plead in this action that the distress was unlawful; and this defence neither the express words, nor any reasonable construction of them, have taken away.
This provision, when applied to an action of pound breach, is in affirmance of the common law ; and probably, in a popular action to recover the forfeiture created by this statute for a pound breach, the same rule would be applied at law without the aid of the statute. But by the express words * of the statute, [ * 474 ] this defence is prohibited only in the actions of the case to recover damages either for a rescous or a pound breach.
2. Another question arising from the record is, whether the al *414 legations in the defendant’s bar, and which are admitted to be true by the plaintiff’s demurrer, are sufficient to show that the distress was unlawful. It is alleged that the plaintiff’s fence was insufficient, and thence it is concluded that the distress was not damage feasant. But is this conclusion just? The owner of a close is not obliged to fence, but against the escape of cattle lawfully in the adjoining ground. If all his fence be insufficient, yet if the cattle do not escape into his close through the insufficient fence, but are turned in, he may lawfully distrain them damage feasant. This is evident, not only from the form of a plea in bar by enclosures, whether it be pleaded to an action of trespass, or to an avowry for damage feasant in replevin, (2) but from the fifth section of the statute, on which this action is founded. But the plea in this case does not allege that the cattle escaped into the plaintiff’s close through the insufficiency of his fence. The plea, therefore, appears to be bad and insufficient, and the judgment must be reversed.

 Co. Lit. 47, b,160, b, 161, a.

 Vide Rast, 561, a, 620,1