State *v.* White.

## STATE *v.* WHITE.

The granting of an appeal by a justice of the peace in a criminal cause, without sureties being furnished, is an irregularity, which the court above may correct.

And, on motion, if seasonably made, the appeal will be dismissed as in civil causes, leaving the judgment in the court below in full force, as if no appeal had been granted.

THIS was a prosecution brought against the respondent before a justice of the peace, for an assault and battery. Judgment was rendered against the respondent by the jus-

State *v.* White.

tice, from which judgment he claimed an appeal. The magistrate entered on his docket, "appeal granted," and issued no mittimus against the prisoner; but no sureties were furnished by the prisoner that he would enter and prosecute his appeal in this court, and only his recognizance was taken to that effect.

The solicitor contended that no appeal was taken from the judgment of the justice, that his judgment was not vacated, and that the appeal, being dismissed here, the justice should issue a mittimus and enforce his judgment. The respondent objected to the position of the solicitor.

It was agreed that such proceedings should be had in this court, and in the justice court, as to the Supreme Court should seem in accordance with law, to protect and enforce the legal rights of the parties.

*C. W. & E. D. Rand,* for the State, contended that an appeal, granted without a compliance with the conditions required by the law, was a mere nullity, and would be dismissed on motion; and they cited *Campbell* v. *Howard,* 5 Mass. 375; *Robbins* v. *Appleby,* 2 N. H. 223; *Gilman* v. *Bartlett,* 20 N. H. 168; *Farnum* v. *Davis,* 32 N. H. 302.

*Herbert,* for the respondent.

BELLOWS, J. By Compiled Statutes (563, sec. 2), an appeal is allowed from the sentence of a justice of the peace for any offence, if claimed at the time and the appellant enter into recognizance with sufficient sureties; otherwise such appeal shall not be granted.

In the case before us the appeal was claimed, and although no sureties were furnished, the appeal was granted and entered in this court. And the question is, upon what is substantially a motion to dismiss the appeal, whether it has been *duly* granted.

As to civil causes, the law is well settled in this State, and if the motion to dismiss is seasonably made, for want

of the sureties required by law, it will prevail, notwithstanding the court below has seen fit to grant the appeal; it being understood that the appellate court has jurisdiction to determine whether the power of the court below, in granting the appeal, has been rightfully exercised or not. *Robbins* v. *Appleby,* 2 N. H. 223; *Parker's Appeal,* 15 N. H. 24; *Gilman* v. *Bartlett,* 20 N. H. 168; *Hanson* v. *Hoit,* 14 N. H. 56; *Farnum* v. *Davis,* 32 N. H. 302. The right of a party to appeal is conditional, and unless he complies with the conditions, the granting of the appeal is an irregularity which the court above has the power to correct. And we are unable to perceive any distinction between civil and criminal causes in this respect. In both cases it is provided that the appeal shall not be granted unless the security be furnished. See Comp. St. 442, sec. 7. And there is nothing in the nature of criminal prosecutions that calls for the relaxation of the rules applicable to civil causes; and we might well hold that the decisions in respect to the latter must govern the case before us.

In Massachusetts, under provisions similar to our own, no distinction is made between the two classes of cases; and where the required security is not made, the court will on motion dismiss the appeal, though granted by the court below. *Campbell* v. *Howard,* 5 Mass. 375; *Commonwealth* v. *Brigham,* 16 Pick. 10; *Commonwealth* v. *Richards,* 17 Pick. 295; *Commonwealth* v. *Dunham,* 22 Pick. 11. The cases from Pickering were criminal cases, and in the two last the appeals were dismissed.

The right of appeal, so far as it exists at all, is given and regulated by statute, and by the same provisions both the court below and above are guided. But from the necessity of the case and the constitution of the tribunals, the court appealed to must ultimately determine the construction of the provisions under which they both act; and decide whether the court below, in granting or refusing to grant an appeal, has acted upon a right view of the law. If,

therefore, an appeal has been granted where by law no right of appeal exists, the appellate court will refuse to entertain it, and regard it as a mere nullity. If the right of appeal exists, but it is granted without a compliance with conditions provided for the benefit of the appellee, the court above will dismiss the appeal, on motion, if seasonably made. And these views we think apply with equal force to both civil and criminal causes.

As the appeal, therefore, must be regarded as a mere nullity, it follows that the judgment of the justice of the peace is still in its original force, and to be carried into effect as if no appeal had been granted. *Commonwealth* v. *Richards*, 17 Pick. 295; *Commonwealth* v. *Messenger*, 4 Mass. 471; *Browning et al.* v. *Bancroft*, 8 Met. 282.

*Appeal dismissed.*