DAVEY BROS., INC. *vs.* STOP & SHOP, INC.
(and a companion case[1]).

Suffolk.    April 8, 1966. — June 7, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER,
& SPIEGEL, JJ.

*Unfair Sales Act. Unfair Competition. Evidence,* Judicial discretion.

In a suit in equity by the operator of a retail market against the operator
of a large chain of retail food stores to enjoin the defendant from
selling merchandise at less than the defendant's costs in violation of
§ 14F of the Unfair Sales Act, G. L. c. 93, §§ 14E–14K, reported evi-
dence warranted findings by the trial judge that the defendant's below-
cost sales represented one of "several and varied sales-promotional
features" currently used by many merchandisers in the area and were
employed by the defendant "to maintain a favorable competitive posi-
tion in the industry," and upon such findings a conclusion by the judge
that the defendant did not have the "intent to injure competitors or
destroy competition" required for a violation of § 14F was not plainly
wrong. [61–62]

There was no prejudicial error in a suit in equity in the exclusion of rele-
vant evidence where there was no offer of proof showing that such evi-
dence would add anything to what had already been established by
similar evidence. [63]

Two BILLS IN EQUITY filed in the Superior Court on Octo-
ber 16, 1964, and January 26, 1965, respectively.

The suits were heard by *Kalus,* J.

*Lawrence H. Norris* for the plaintiffs.

*George E. Lodgen (Nathan T. Wolk & Arthur S. Wald-
stein* with him) for the defendant.

SPALDING, J.   These two bills in equity seek to restrain
the defendant Stop & Shop, Inc. from advertising, offering
to sell, or selling items of merchandise at less than cost in
violation of the Unfair Sales Act, G. L. c. 93, §§ 14E–14K
(inserted by St. 1938, c. 410, § 1).   These cases were tried
together and final decrees, from which the plaintiffs appeal,
were entered dismissing both bills.   The judge made a re-
port of the material facts in each case.   The evidence is
reported.

---

[1] The companion case is by Charles E. Dorey against the same defendant.

The evidence, which was largely uncontradicted, warranted the following findings. The plaintiff Dorey operates a retail market in Wilbraham, situated just under four miles from one of the defendant's markets. In support of his allegation that the defendant "is continually and repeatedly offering for sale to consumers items of its merchandise below the cost . . . to the defendant within the meaning of Section 14F of the . . . Act," Dorey put in evidence five separate advertisements appearing in Springfield newspapers between November 30, 1964, and January 13, 1965. Testimony was introduced to establish the prices at which the defendant purchased or could have purchased these items, and the trial judge found that the products were offered for sale " 'below cost' as that term is defined in . . . § 14E(a)" of the act. Dorey testified that his customers called these advertisements to his attention, that they inquired about his higher prices, and that he subsequently saw his customers in the defendant's store.

The plaintiff Davey Bros., Inc. (Davey) operates a retail market in Boston located within two miles of one of the defendant's markets. On October 15, 1964, the defendant published in two Boston newspapers an advertisement offering for sale five-pound bags of sugar at thirty-nine cents per bag, upon the presentation of a coupon and with any purchase of $5 or more. The judge assumed without deciding that the thirty-nine cent price constituted a below-cost offer for sale within the meaning of § 14E (a), even though the presentation of a coupon and a purchase of $5 or more were required in order to purchase sugar at this price. An officer of Davey testified that he heard comments by customers with respect to these advertisements.

The defendant operates a large chain of retail food stores in Massachusetts and elsewhere. Its pricing policy is determined by a three man group without whose approval no item may be sold below cost. While its policy is not to initiate below-cost selling, the defendant will do so where such practice is prevalent in the competitive market. In some instances the defendant offers the same items for sale

below cost as are being offered below cost by its competitors. At other times different items are chosen. At all times, below-cost sales are utilized in order to maintain the defendant's competitive position in an industry where this promotional device is commonly used. Prior to the acts here complained of, there had been a great deal of below-cost selling in the Boston area for a considerable period of time; and in the Springfield area, below-cost price competition was engaged in by large numbers of food retailers.

The judge concluded in each case that the sales were not made with any intent to injure competitors or to destroy competition within the meaning of § 14F of the act, but represented one of "several and varied sales-promotional features" used by many merchandisers in the area and employed by the defendant "to maintain a favorable competitive position in the industry." He further found, if material, that the offers to sell at these prices were made "in good faith to meet competition," thus falling within the exception provided in § 14 G(h).[2]

The basic provision of the Unfair Sales Act is contained in § 14F which reads: "Any retailer who, with intent to injure competitors or destroy competition, advertises, offers to sell or sells at retail any item of merchandise at less than cost to the retailer . . . shall . . . be punished by a fine . . . or by imprisonment . . . or both. Evidence of any advertisement, offer to sell or sale of any item . . . by any retailer or wholesaler at less than cost to him . . . shall be prima facie evidence of intent to injure competitors or destroy competition." Section 14E (a) defines "cost to the retailer." Section 14H entitles any person to sue for injunctive relief to restrain violations of the statute.

The constitutional validity of the act has been upheld in *Fournier* v. *Troianello*, 332 Mass. 636, where we affirmed the judge's ruling that the defendant was offering to sell bread at less than cost to him as a retailer within the meaning and

---

[2] Section 14G provides that the Unfair Sales Act "shall not apply with respect to advertising or offering to sell, or selling . . . if done . . . (h) where the price of merchandise is made in good faith to meet competition."

intent of the act. The cases now before us raise more difficult questions regarding the circumstances in which sales below cost may be held to be valid because not within the intendment of the statute. The judge in effect found that since the defendant's below-cost advertisements were made in response to similar and widespread practices on the part of competitors, the requisite intent to injure or destroy was lacking. As the evidence was, in our opinion, sufficient to warrant these findings, we need not consider the additional ground set forth in support of his rulings, namely, that the offers to sell were "made in good faith to meet competition."

The plaintiffs contend that the findings relating to the defendant's intent were plainly wrong. They argue, in effect, that the intent requirement in § 14F may be ignored since it is neither necessary nor desirable to the correct and efficient administration of the policy embodied in the statute. While the prima facie evidence provision in § 14F makes it clear that to prove a violation of the statute one need not introduce evidence of the defendant's subjective and specific motivations, this does not render the words "with intent to injure . . . or destroy" meaningless. Rather, the statute contemplates that there are two ways in which a defendant may rebut the prima facie case which a below-cost sale makes out against him under § 14F. He may bring himself within one of the express statutory exceptions set forth in § 14G, or he may convince the trier of fact that his acts were so prompted by some other necessity that the prescribed intent was lacking. See *People* v. *Pay Less Drug Store,* 25 Cal. 2d 108, 114–115, construing a statute of similar scope and pattern. Here, the judge below was satisfied that competitive conditions rather than a purpose to injure competitors motivated the acts otherwise clearly prohibited by the statute, and we cannot say that this finding was plainly wrong.

It may be, as the plaintiffs suggest, that the statutory requirement of an intent to injure or destroy competition may result in a less effectual administration of the statute. See

note, 52 Harv. L. Rev. 1142. But the statute must be interpreted as enacted, and each word or phrase is presumed to have its ordinary meaning. See *Johnson* v. *District Atty. for the No. Dist.* 342 Mass. 212, 215. Our belief in the correctness of our construction is confirmed by the fact that violations of § 14F have criminal consequences as well as civil. It is a settled canon of statutory construction that penal statutes are to be construed strictly and are not to be extended by implication. *Beloin* v. *Bullett,* 310 Mass. 206, 211.

The plaintiffs excepted to the exclusion of evidence relating to the cost to the defendant of a product not specifically mentioned in either bill. Such evidence was relevant to the question of intent and the judge had admitted similar evidence relating to the products mentioned in the bill. But as he indicated, he was of opinion that this evidence would not add anything to that already submitted. Conceivably, it could have. For example, a continued pattern of below-cost selling, engaged in prior to or beyond the period during which such acts might be characterized as purely defensive, could substantially affect findings as to whether there existed an "intent to injure competitors or destroy competition." There was, however, no offer of proof that this evidence would import anything different from what had already been established by proof of the sale of other articles below cost, and thus the judge in the exercise of sound discretion did not err in excluding it. See *Nicholas* v. *Lewis Furniture Co.* 292 Mass. 500, 504, and cases cited.

*Decrees affirmed with costs of appeal.*