DAVID A. GREGOIRE, petitioner.

Suffolk.    February 5, 1969. — February 28, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, &
REARDON, JJ.

*Imprisonment. Statute, Repeal.*

The provision of G. L. c. 127, § 83B, as amended through St. 1955, c. 770,
§ 47, relating to forfeiture of deductions from sentence of a prisoner
in a prison camp by reason of an escape or attempted escape is not
so repugnant to the amendment of G. L. c. 127, § 129, by St. 1963,
c. 535, as to have been impliedly repealed by such amendment of § 129.

PETITION filed in the Superior Court on May 17, 1968.

The case was heard by *Roy*, J.

The case was submitted on briefs.

*Melvin S. Louison* for the petitioner.

*Richard L. Levine*, Deputy Assistant Attorney General,
for the Superintendent, Massachusetts Correctional Insti-
tution at Norfolk.

SPALDING, J.    This petition for a writ of habeas corpus
was heard on a statement of agreed facts. An order for
judgment was entered dismissing the petition. The peti-
tioner appealed.

In 1964 the petitioner was convicted of operating a motor
vehicle without authority after his right to operate had been
suspended, and was sentenced to a term of from two and
one-half to five years at the Massachusetts Correctional In-
stitution at Walpole. On November 19, 1967, he escaped
from the Warwick Prison Camp to which he had been
transferred. After he was apprehended, he was tried and
convicted in 1968 of the crime of escape and was sentenced
to an additional term of six months. As a result of the es-
cape, the Commonwealth forfeited all of his good conduct
deductions in relation to the 1964 sentence under the pro-
visions of G. L. c. 127, § 83B. The parties agree that if these

good conduct deductions were improperly forfeited, the petitioner would be entitled to an immediate release.

General Laws c. 127, § 83B, as amended through St. 1955, c. 770, § 47, reads in part, "If a prisoner escapes or attempts to escape from a prison camp all deductions from the sentence he is then serving shall be thereby forfeited." The petitioner argues that this provision conflicts with the more recently amended G. L. c. 127, § 129, and therefore has been impliedly repealed. The principle of implied repeal "is one which the court, in deference to the Legislature, does not regard with favor and applies with caution . . . . The test of the applicability of the principle of implied repeal is whether the prior statute is so repugnant to and inconsistent with the later enactment covering the subject matter that both cannot stand." *Doherty* v. *Commissioner of Admn.* 349 Mass. 687, 690. There is no such repugnancy here.

General Laws c. 127, § 129, was amended by St. 1963. c. 535, to provide that if "during the term of imprisonment of a prisoner confined in a correctional institution of the commonwealth, such prisoner shall commit any offense of which he shall be convicted and sentenced, he shall not be entitled to any deductions hereunder from the new sentence or sentences of imprisonment." Prior to this amendment § 129 required that the good conduct deductions be forfeited for the former, rather than the "new" or subsequent, sentence. We are of opinion that § 129, as amended, does not so conflict with § 83B as to repeal it. The statutes, although overlapping in some respects, have separate functions which are not inconsistent. Section 83B punishes only escapes or attempted escapes, operates only with respect to sentences being served at the time of the escape, and applies only to inmates of prison camps. In contrast, § 129 punishes any offence by the prisoner for which a conviction later is secured, operates only with respect to future sentences, and applies to prisoners in all correctional institutions.

*Order dismissing petition affirmed.*