FREDERICK MARIA & others[1] vs. STATE EXAMINERS
OF ELECTRICIANS.

Middlesex.    May 9, 1974. — July 2, 1974.

Present: TAURO, C.J., BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Electrician.  Statute,* Construction.  *Words,* "For hire."

G. L. c. 141, § 1, defining a journeyman electrician as a person qualified
    to do certain electrical work "for hire", does not prohibit a journey-
    man from contracting directly for electrical work. [553-554]
Statute 1962, c. 582, § 2, by deleting language in G. L. c. 141, § 8, which
    expressly permitted journeymen electricians working as independent
    contractors to employ one learner or apprentice, did not forbid
    journeymen electricians from so doing. [554-556]

BILL IN EQUITY filed in the Superior Court on November
28, 1972.

The suit was heard by *Adams,* J.

*Robert E. Fast* for the plaintiffs.

*Timothy F. O'Leary,* Assistant Attorney General, for the
defendant.

WILKINS, J.    The individual plaintiffs, each of whom is a
licensed "master electrician" (G. L. c. 141, § 1), and an
incorporated association all of whose members are master
electricians, brought a bill for declaratory relief against the
State examiners of electricians seeking a declaration as to
whether a "journeyman electrician" (G. L. c. 141, § 1) may
properly enter into a contract to install wires, conduits,
apparatus, fixtures or other electrical appliances and
employ learners or apprentices in any such work. The
plaintiffs contend that a journeyman electrician may not
contract to do electrical work and that only master elec-

---

[1] The other plaintiffs are Dominic Ciccolella and Massachusetts Electrical
Contractors Association, Inc.

tricians, through journeymen electricians in their employ, may contract to install wires and other appliances for carrying or using electricity for light, heat or power purposes. The defendant examiners, relying on the practice since 1915, when the regulatory statute was first adopted (St. 1915, c. 296), contend that under G. L. c. 141 a journeyman electrician, having no more than one learner or apprentice working with him and not employing any other journeyman to assist him, may contract to do electrical work.

The plaintiffs appeal from a final decree which declared that a journeyman electrician has the right to engage in the business of installing wires, conduits, apparatus, fixtures and other electrical appliances and that he can employ one learner or apprentice to work under his direct personal supervision, but that he cannot employ another journeyman to assist him. The case was presented in the Superior Court on a case stated. We affirm the Superior Court decree.

The statement of agreed facts recites that there are approximately 4,000 licensed master electricians and approximately 17,600 licensed journeymen electricians in the Commonwealth. A master electrician receives a "Certificate A" form of license; a journeyman electrician receives a "Certificate B" form of license. G. L. c. 141, § 3. A holder of a "Certificate A" is not thereby entitled "to engage in or perform the actual work of installing electric wires, conduits and appliances" but is entitled "to conduct business as a master electrician." G. L. c. 141, § 3 (1). A holder of a "Certificate B" is "authorized to engage in the occupation of a journeyman electrician." G. L. c. 141, § 3 (2). A "journeyman electrician" is defined as "a person qualified to do any work of installing wires, conduits, apparatus, fixtures and other appliances for hire." G. L. c. 141, § 1, as appearing in St. 1962, c. 582, § 1.[2]

Since 1915 the State examiners of electricians have

---

[2] A person who seeks to become a master electrician must take the examination which is given to a person seeking to be certified as a journeyman electrician and

consistently interpreted the applicable statutes as not prohibiting a journeyman electrician from entering into contracts to perform electrical work, provided he does not employ any other journeyman to assist him or more than one helper or apprentice to work under his direct personal supervision. A 1915 opinion of the Attorney General set forth this view of St. 1915, c. 296, the predecessor of G. L. c. 141. 4 Op. Atty. Gen. 496 (1915). That 1915 opinion was reaffirmed by an opinion of the Attorney General in 1962 (see Rep. A. G., Pub. Doc. No. 12, 1963, pp. 70-71), in spite of amendments made in G. L. c. 141 by St. 1962, c. 582, which deleted certain language relied on in the 1915 opinion of the Attorney General.

We reject the plaintiffs' argument that G. L. c. 141 clearly prohibits a journeyman electrician from contracting directly for electrical business. A journeyman electrician is a person qualified to do certain electrical work "for hire." G. L. c. 141, § 1. The word "hire" in one sense has been regarded as service rendered or to be rendered for compensation. See *Bingham* v. *Scott*, 177 Mass. 208, 211 (1900). There is no suggestion in G. L. c. 141 that a journeyman electrician may be "for hire" only as an employee of a master electrician or as a full time employee (see G. L. c. 141, § 8), of one on whose premises or property he works. A "Certificate B" authorizes the holder to engage in the occupation of a journeyman electrician. One who engages in an occupation need not do so as an employee; he may be an independent contractor. If the Legislature had intended to require that a "Certificate B" holder work only as an employee, it could have clearly said so by authorizing the holder of such a certificate to be employed as a journeyman electrician only by persons authorized to employ him as provided elsewhere in G. L. c. 141.

---

in addition is asked questions which attempt to reach a broader and deeper understanding of the applicant's practical application of electrical installations.

Because, as all parties agree, a journeyman electrician may not have more than one learner or apprentice working under his direct personal supervision and may not himself employ a journeyman to assist him, any work for which a journeyman might directly contract is unlikely to be work of any considerable magnitude.

Although a plausible argument can be made from the language in G. L. c. 141 that a journeyman electrician is barred from conducting an electrical business, we think that G. L. c. 141 is ambiguous on this point and that we may appropriately turn to various aids to the construction of that ambiguous statute. When we do, we believe that the consistent administrative interpretation of this statute since its inception in 1915 and amendment in 1962, bolstered by two opinions of the Attorney General, resolves any ambiguity concerning the rights of journeymen electricians. Reliance on an agency interpretation of an ambiguous statute, administered by it, is appropriate here. See *Devlin* v. *Commissioner of Correction*, 364 Mass. 435, 439 (1973), and cases cited.[3] Moreover, if the view urged by the plaintiffs were adopted, journeymen electricians working as independent contractors would be subject to criminal sanctions for violation of G. L. c. 141. G. L. c. 141, § 5. A strict interpretation of G. L. c. 141, according to normal principles of construction of a penal statute (see *Davey Bros. Inc.* v. *Stop & Shop, Inc.* 351 Mass. 59, 63 [1966]; *Wood* v. *Commissioner of Correction*, 363 Mass. 79, 81 [1973]) calls for the same view of G. L. c. 141 as we have reached in reliance on the long standing interpretation by the State examiners.

The question whether a journeyman electrician may have a learner or helper work with him when he conducts business in his own name presents a different statutory problem. Having concluded that a journeyman electrician may contract to do electrical work, the question arises what, if any, restraint on the use of learners or apprentices G. L. c. 141 imposes on such a person. If a journeyman electrician is employed by a master electrician, only one learner or apprentice may be supervised by that journeyman and only one learner or apprentice may be employed for each such journeyman. G. L. c. 141, § 1. If the

---

[3] The State examiners have a legitimate concern with the questions raised in this bill for declaratory relief because they have the right to suspend or revoke certificates for cause after a hearing. G. L. c. 141, § 4.

journeyman electrician is regularly employed by a person or firm on whose premises or property the journeyman works, the same limitations apply. G. L. c. 141, § 8. We see no reason why these limitations should not reasonably be inferred as applicable to a journeyman electrician working as an independent contractor. We think such a restriction is reasonable even though G. L. c. 141 contains no explicit limitation on the number of learners or apprentices who may be employed or supervised by a journeyman electrician who is working as an independent contractor.

The plaintiffs contend that there was a meaningful amendment to G. L. c. 141 in 1962 when G. L. c. 141, § 8, assumed its present form. See St. 1962, c. 582, § 2. Section 8 had provided in part since 1948 (see St. 1948, c. 629, § 1) that "[t]his chapter shall not forbid the *employment* by holders of 'Certificate A' or *of 'Certificate B' of learners or apprentices* working with and under the direct personal supervision of licensed journeymen electricians" (emphasis supplied) subject to the limitation that there be only one learner or apprentice working with each journeyman electrician and that he work under the supervision of such journeyman electrician. Clearly that language contemplated that a journeyman electrician could employ a learner or apprentice and strongly suggested that the journeyman electrician could work as an independent contractor. It is the deletion of the quoted language by St. 1962, c. 582, § 2, on which the plaintiffs rely.

The intention of the Legislature in deleting that language in the course of making amendments to G. L. c. 141 in 1962 is far from clear. We might be inclined to agree with the plaintiffs' proposed construction of this ambiguous statute if there had not been, in 1962 after the enactment but before the effective date of the 1962 amendments (see St. 1962, c. 582, § 4), a contrary and apparently unchallenged opinion of the Attorney General, and if since then there had not also been a consistent administrative interpretation of G. L. c. 141 to the contrary. Moreover, in undertaking to discern the legislative intent in the enactment of St. 1962, c. 582, we would find it difficult to

conclude that the Legislature intended to prevent journeymen electricians from employing learners or apprentices by the passage of an act whose title stated that its purpose was to provide "for the employment of learners or apprentices to work with and under the supervision of journeymen electricians."[4] We thus find no statutory restriction which would bar a journeyman electrician who does electrical work as an independent contractor from employing one helper or apprentice.

*Decree affirmed.*

---

[4] The title of a statute may be used as a guide to its construction where, as here, there is an ambiguity. See *Massachusetts Soc. for the Prevention of Cruelty to Animals* v. *Commissioner of Pub. Health,* 339 Mass. 216, 223 (1959); *Commonwealth* v. *Jarrett,* 359 Mass. 491, 495, fn. 5 (1971).