JOHN C. CHWALEK & others *vs.* CITY OF PITTSFIELD & others. June 9, 1975. In their appeal from the decree of the Probate Court which

dismissed their petition for declaratory relief and declared valid the takings purportedly made by the respondent city of lands and interests in land in the town of Windsor under the authority granted the city for that purpose by St. 1968, c. 590, the petitioners contend that the city failed to comply with the proviso in § 1 of the 1968 act whereby any such acquisition was subject to the approval of the Department of Public Health. While the Department concededly approved the acquisitions in its letters dated September 27 and October 20, 1971, its approval was expressly conditioned upon the completion of the acquisitions by September 1, 1972, and the orders of taking at issue were neither adopted nor recorded until December of that year. The 1972 amendment to the 1968 act (St. 1972, c. 335) did not, as claimed by the city, extend that deadline. The language in which the amendment is couched ("The authority granted to the city of Pittsfield by th[e 1968] act to acquire any land or rights in land by eminent domain in the town of Windsor shall *expire* on December [31, 1972] ..." [emphasis supplied]) clearly manifests a legislative intention to impose a deadline on the city's exercise of its authority rather than to relax any statutory or administrative restriction on that authority. Our interpretation is reinforced by the title of c. 335, "An Act *limiting* the time during which the city of Pittsfield may take by eminent domain certain land, rights of way and easements in the town of Windsor" (emphasis supplied) (*Maria* v. *State Examiners of Electricians,* 365 Mass. 551, 556, fn. 4 [1974], and cases cited), and by its legislative history, which discloses a series of bills and amendments thereto whereby a variety of deadlines on the city's acquisitions (including November 1, 1971, and September 1, 1972) were proposed and considered (see 1971 House Doc. Nos. 4021, 5428; 1972 House Doc. No. 5484; 1971 House Journal, pp. 1347, 1401; 1971 Senate Journal, p. 2640; 1972 House Journal, pp. 1432, 1483). The judge's finding that the Department of Public Health itself extended the deadline from September 1, 1972, to December 31 of that year was plainly wrong, as there was no evidence to support such a finding. The letter of a subordinate in the Department of Public Health dated February 6, 1973, and the reference in that letter to "a communication ... dated January 9, 1973" (the contents of which are not disclosed by the record), certainly did not warrant a finding that any such extension had been granted, as the February letter, at most, constituted evidence that the Department made no extension of its September 1, 1972, deadline because of its erroneous conclusion that the 1972 amendment had itself effected such an extension. No question has been raised as to the validity of a restriction or condition of the Department's approval expressed in terms of time. It follows that the purported takings, having been made by the city without "having first complied with all the preliminary requirements prescribed by law" (G. L. c. 79, § 1), were invalid. *Shea* v. *Inspector of Bldgs. of Quincy,* 323 Mass. 552, 558 (1949). It is therefore unnecessary to consider the petitioners' other contentions. The decree is reversed, and a new decree is to be entered consistent with this opinion.

*So ordered.*

*Philip H. Grandchamp* for the petitioners.
*L. George Reder,* Assistant City Solicitor, for the city of Pittsfield (*Bernard W. Starr,* for Raymond W. Skrocki & others, with him).