EASTMAN KODAK COMPANY *vs.* CLERK OF THE THIRD DISTRICT COURT OF EASTERN MIDDLESEX.

Suffolk. February 9, 1977. — March 24, 1977.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Practice, Civil,* Removal of case to Superior Court, Amount of claim. *Interest.*

In order to qualify a District Court action for removal to the Superior Court under G. L. c. 231, § 104, as appearing in St. 1975, c. 307, § 104, "the amount of the claim" of a party must be a principal sum demanded exceeding "four thousand dollars"; interest added to an inadequate principal sum will not qualify the action for removal. [235-238]

---

The case was reserved and reported by *Braucher, J.*

*John C. Wyman* for the plaintiff.

*Peter R. Beatrice, Jr.,* for the defendant.

KAPLAN, J.   Eastman Kodak Company commenced in the Supreme Judicial Court for Suffolk County a "civil action in the nature of [a] petition for [a] writ of mandamus" (see Mass. R. Civ. P. 81 [b], 365 Mass. 841 [1974]; G. L. c. 249, § 5) to compel official action by Joseph D. Conway, clerk of the Third District Court of Eastern Middlesex, under G. L. c. 231, § 104 (reproduced in the margin),[1] providing for removal of certain District

---

[1] General Laws c. 231, § 104, as appearing in St. 1975, c. 377, § 104, provides: "Any other party [i.e., other than a plaintiff as described in § 103], a plaintiff against whom a claim, counterclaim, or cross-claim is brought, and a defendant who asserts a compulsory counterclaim, may, provided that the amount of the claim against such other party, the amount of the claim, counterclaim or cross-claim brought against such plaintiff, or the amount of the compulsory counterclaim asserted by such defendant, as the case may be, exceeds four thousand dollars, file in the district court in which the action is pending a claim of trial by the superior court together with the sum of five dollars for the entry of the claim of each plaintiff in the superior court, and, except as provided in section one hundred and seven, a bond in the penal sum of one hundred dollars, with such surety or sureties as may be approved by the party or parties not asserting such claim of trial by the superior court or by the clerk or an assistant clerk of said district court, payable to the other party or parties, conditioned to satisfy any judgment for costs which may be entered against him in the superior court in said cause within thirty days after the entry thereof. Such claim of trial by the superior court must be filed no later than twenty-five days after service of the pleading which asserts the claim, counterclaim, or cross-claim on which the right to remove is based, provided, however, that in the case of a compulsory counterclaim, the party asserting such counterclaim must file such claim of trial by the superior court no later than five days after the expiration of the time allowed to assert such counterclaim. The clerk shall forthwith transmit the papers and entry fee to the clerk of the superior court and the same shall proceed as though then originally entered there.

"Removal of a case under this section shall remove any default and vacate any judgment entered thereon for failure to plead or otherwise defend in the district court, excepting cases in which the ad damnum does not exceed four thousand dollars. Cases in which no claims, counterclaims and cross-claims exceed four thousand dollars and those in

Court actions to the Superior Court. A single justice of this court reserved and reported the case, without decision, to the full bench upon a stipulation of facts, with annexes, from which the following appears.

On May 14, 1976, Ferranti-Dege, Inc., filed a civil complaint against Eastman Kodak Company in the District Court which Conway serves as clerk, thus commencing an action in the sense of Dist. Mun. Cts. R. Civ. P. 3 (1975). A summons, together with a copy of the complaint, was served on the defendant on May 26, 1976. The complaint alleged in a count entitled "breach of contract"[2] that the plaintiff and the defendant entered into an agreement on or about March 13, 1974, by which, for a promised consideration, the defendant undertook to "service" the plaintiff's Eastman Kodak Viscount processing machine, purchased from the defendant, by furnishing all necessary labor and material in a good workmanlike manner; that the defendant on or about March 23, 1974, failed to perform as agreed, and carelessly and negligently damaged the machine; that thereby the plaintiff was compelled to engage another to repair the machine, incurred expense for repairing film and processing, suffered lost time on the part of its employees, lost income from damaged film, and lost customer good will, all to the plaintiff's damage in the sum of $3,900.79; wherefore "the plaintiff demands judgment against the defendant in the amount of ...

which rights of parties to remove for trial in the superior court as hereinabove provided are not properly exercised shall be tried in the district court. A party who would have been entitled to remove the case for trial in the superior court as hereinabove provided but for the fact that the amount of the claim, counterclaim, or cross-claim, as the case may be, does not exceed four thousand dollars shall, if he desires trial by the superior court, file said entry fee and bond within ten days after notice of the decision or finding. Such filing shall have the same effect as a request for retransfer under section one hundred and two C, and the decision shall be transmitted to and the case tried in the superior court subject to the provisions of said section one hundred and two C applicable to retransferred cases."

[2] A second count on the same claim was in the form of an account annexed.

$3,900.79 . . ., with interest from April 3, 1974, together with the costs and disbursements of this action."

On June 18, 1976 (within the twenty-five days allowed by § 104), the defendant filed in the office of the clerk a claim of trial by the Superior Court accompanied by the sum of $5 and a bond in the penal sum of $100 to satisfy any judgment for costs. The clerk, however, refused to transmit the papers and entry fee to the clerk of the Superior Court. Eastman Kodak, defendant in the District Court, brings the mandamus action as plaintiff to compel the clerk to take those steps. The question is whether "the amount of the claim" in the District Court action "exceeds four thousand dollars," as required by § 104 for removal to the Superior Court: it does, if interest at the legal rate[3] from April 3, 1974,[4] to June 18, 1976, should be added for the purpose to the principal sum demanded, as Eastman Kodak contends; it does not, if the principal sum alone is the statutory measure, as the clerk insists.

Neither answer to this question can be shown overwhelmingly to be correct, but we think the clerk's position is to be preferred.

The United States Code, in specifying the jurisdictional amount in Federal question and diversity cases within the original jurisdiction of the United States District Courts, conveniently states that the amount is "exclusive of interest and costs" (see 28 U.S.C. §§ 1331 [a], 1332 [a] [1970]); but it does not necessarily follow that a statute omitting those words calls on a fair reading for the inclusion of interest in figuring a jurisdictional amount. Decisions on the point have divided, and are often much conditioned by particular contexts, statutory and other-

---

[3] The legal rate is six per cent per annum until August 13, 1974, and eight per cent thereafter. See G. L. c. 231, § 6C, as amended through St. 1974, c. 224, §2 (quoted *infra* at 236-237); *Porter* v. *Clerk of the Superior Court,* 368 Mass. 116 (1975).

[4] It is not made clear, in the light of the other allegations of the complaint, why April 3, 1974, rather than March 23, 1974, was pleaded as the date for commencement of the running of interest.

wise. See Annots., 77 A.L.R. 991 (1932); 167 A.L.R. 1243 (1947).

Opinions may differ on the general question of policy whether interest should be considered intrinsic to the size of a claim for purposes of initial allocation of the litigation — here at the election of a party — to a court of limited or general jurisdiction for trial.

Looking to the history of § 104, we find that before the adoption of our rules of civil procedure in 1974 the statute read in terms of the "ad damnum in the writ"[5] — the writ signalling the commencement of an action. This was the determinant of amount for jurisdictional purposes. See *Clay* v. *Barlow*, 123 Mass. 378 (1877); H.F. Buswell & C.H. Walcott, Practice and Pleading in Personal Actions in the Courts of Massachusetts 1-2 (5th ed. 1911); 1 G.F. Tucker, Practice and Pleading in the Courts of Massachusetts 1 (1924). But it remains a question whether the ad damnum was understood to include or to exclude interest. It would not follow, in any event, that an interpretation appropriate for the older procedural system should persist into the new where the filing of the complaint itself initiates the action.

Statutes now standing in some relation to § 104 cast a light, although not a strong one, on the question of interpretation. The clerk points to G. L. c. 231, § 6C, as amended through St. 1974, c. 224, § 2, which provides: "In all actions based on contractual obligation, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of eight per cent per annum, from the date of the breach or demand. If the date of the breach or demand is not established, interest shall be added by the clerk of court, at such contractual rate, or at the rate of

---

[5] See, e.g., St. 1965, c. 377, restating G. L. c. 231, § 104 (the ad damnum in the writ must then have exceeded $2,000 rather than $4,000 to permit removal).

eight per cent per annum from the date of the commencement of the action."[6] It is suggested that as § 6C makes express provision for the clerk's adding interest, it carries a negative implication as to § 104, which does not so provide; but that is hardly a compelled inference.

Section 6C is, however, a reminder of the fact — which the clerk emphasizes — that if interest had to be included in contract cases under § 104, the clerk would be obliged in some cases to adjudge the date of "breach" or "demand" from which interest presumably would commence to run, and this would present some practical administrative difficulties. The references in § 104 to counterclaims and crossclaims would aggravate the problem. Textually § 104 can be read as intended to function in more or less mechanical fashion, and there is practical sense in having it do so in a District Court system with a very large number of entries. There is a contrast here with the design of G. L. c. 231, § 102C, providing for remand of cases from the Superior Court to the District Courts; this speaks of a "determination by said court [Superior Court] that if the plaintiff prevails, there is no reasonable likelihood that recovery will exceed four thousand dollars."[7] (See also Rule 29 of the Superior Court, as amended [1976].)

As already intimated, as far as we can see the conclusion

---

[6] In tort cases, interest is to be added "from the date of commencement of the action . . . ." See G. L. c. 231, § 6B, as appearing in St. 1973, c. 1114, § 155.

[7] The first paragraph of G. L. c. 231, § 102C, as amended through St. 1974, c. 437, § 1, provides: "The superior court may of its own motion or on the motion of a plaintiff or defendant, after determination by said court that if the plaintiff prevails, there is no reasonable likelihood that recovery will exceed four thousand dollars, transfer for trial any civil action pending in said court to the court from which such action was previously removed, if any, or if such action was originally entered in the superior court, to any district court, including the municipal court of the city of Boston, in which it could have been brought under the provisions of section two of chapter two hundred and twenty-three."

we reach is not inconsistent with any general policy that inheres in § 104 as a removal statute.[8]

The action in the nature of mandamus should be dismissed.

*So ordered.*

---

[8] Note the last two sentences of § 104 (n.1 above) as to possible retrial in the Superior Court of an action, commenced in a District Court, which could not be removed because the claim was of insufficient amount.