# OPINIONS OF THE JUSTICES.

## OPINIONS OF THE JUSTICES TO THE GOVERNOR.

*Statute,* Construction. *Constitutional Law,* Public education, Freedom of speech and press. *Flag.*

A proposed amendment to G. L. c. 71, § 69, requiring each public school teacher at the beginning of the school day to lead the class in a pledge of allegiance to the flag would violate the rights of the teachers under the First Amendment to the United States Constitution. [877-880] QUIRICO and BRAUCHER, JJ., dissenting.

On May 16, 1977, the Justices submitted the following answer to questions propounded to them by the Governor.

To His Excellency, the Governor of the Commonwealth:

The undersigned Justices of the Supreme Judicial Court respectfully submit their answer to the first of two questions set forth in the request of the Governor dated April 27, 1977, for an advisory opinion relating to a bill, House No. 5627, pending before him.[1] A copy of the bill was transmitted with the request. The bill is entitled, "An Act requiring recitation of the pledge of allegiance to the flag in all public schools at the commencement of class each day." In his request the Governor states that he has grave doubts as to the constitutionality of the bill.

The bill would amend G. L. c. 71, § 69, by striking out the fourth sentence, as appearing in St. 1935, c. 258, and inserting in place thereof the following sentence: "Each teacher at the commencement of the first class of each day in all grades in all public schools shall lead the class in a group recitation of the 'Pledge of Allegiance to the Flag.'"

---

[1] House No. 5627 was recalled by the Senate on May 9, 1977, and again laid before the Governor for his approval or disapproval on that day.

The questions are:

"1. Would the enactment of H. 5627, coupled with a fine for non-compliance under the sixth sentence of G. L. c. 71, § 69, be an unconstitutional infringement of teachers' rights under either the First Amendment of the Constitution of the United States or Articles 2 or 16, Part the First, of the Massachusetts Constitution?

"2. Would the enactment of H. 5627 be an unconstitutional infringement of students' rights under either the First Amendment of the Constitution of the United States, or Articles 2 or 16, Part the First, of the Massachusetts Constitution?"

General Laws c. 71, § 69, as proposed to be amended would read as follows (with the amending language emphasized): "The school committee shall provide for each schoolhouse under its control, which is not otherwise supplied, flags of the United States of silk or bunting not less than two feet long, such flags or bunting to be manufactured in the United States, and suitable apparatus for their display as hereinafter provided. A flag shall be displayed, weather permitting, on the school building or grounds on every school day and on every legal holiday or day proclaimed by the governor or the president of the United States for especial observance; provided, that on stormy school days, it shall be displayed inside the building. A flag shall be displayed in each assembly hall or other room in each such schoolhouse where the opening exercises on each school day are held. *Each teacher at the commencement of the first class of each day in all grades in all public schools shall lead the class in a group recitation of the 'Pledge of Allegiance to the Flag.'*[2] A flag shall be displayed in each classroom in each such schoolhouse. Failure for a period of five consecutive days by the principal or teacher in charge of a school equipped

---

[2] The fourth sentence of G. L. c. 71, § 69, as appearing in St. 1935, c. 258, reads: "Each teacher shall cause the pupils under his charge to salute the flag and recite in unison with him at said opening exercises at least once each week the 'Pledge of Allegiance to the Flag.' "

as aforesaid to display the flag as above required, or failure
for a period of two consecutive weeks by a teacher to salute
the flag and recite said pledge as aforesaid, or to cause
the pupils under his charge so to do, shall be punished
for every such period by a fine of not more than five
dollars. Failure of the committee to equip a school as
herein provided shall subject the members thereof to a
like penalty."[3]

1. The questions which have been asked arise in a some-
what unusual context because constitutional problems
which are apparent in the proposed amendment to G. L.
c. 71, § 69, are present in § 69 as it now exists. In fact, the
proposed amendment may rectify at least one possible
unconstitutional aspect of § 69 as now enacted. If § 69
were to be amended as proposed by House No. 5627, the
criminal penalty provided in the sixth sentence of § 69
may be inapplicable to a teacher who does not lead his
class in a group recitation of the pledge of allegiance. The
sixth sentence of § 69 provides a penalty for a teacher who
fails for a period of two consecutive weeks *"to salute the
flag* and recite said pledge"* (emphasis supplied) or who
fails "to cause the pupils under his charge so to do." Be-
cause the proposed amendment eliminates the require-
ment of a salute to the flag, the penalty of the sixth sen-
tence literally would be inapplicable to a teacher who fails
to lead his class in a group recitation of the pledge of alle-
giance to the flag. Such a construction might be warranted
because a criminal statute must be construed strictly so
that any ambiguity will be resolved in favor of the defend-
ant. See *Commonwealth* v. *Devlin,* 366 Mass. 132, 137-138
(1974); *Maria* v. *State Examiners of Electricians,* 365
Mass. 551, 554 (1974).

If, contrary to the assumption of the first question
asked us, the proposed amendment removes criminal pen-

[3] The Justices did not solicit briefs in this matter because of the
shortness of time within which our opinion had to be submitted. We
allowed the Attorney General's request to submit a memorandum. That
memorandum considered G. L. c. 71, § 69, as now in effect, and con-
cluded that "[i]nsofar as c. 71, § 69 may be read categorically to re-
quire teacher participation, it is inconsistent with the First Amend-
ment of the Constitution of the United States and may not be enforced."

alties against noncomplying teachers, the proposed amendment nevertheless contains a direction that each teacher lead the first class of each day in a recitation of the pledge of allegiance to the flag. Failure to adhere to this mandate may threaten the continuance or advancement of a teacher's career. It is difficult to conclude that the Legislature intended House No. 5627 to have no effect. We shall, therefore, answer the first question on the assumption that there is an element of compulsion on a teacher inherent in the mandate of the proposed amendment to § 69. Even if we were to determine that it would be unconstitutional to visit any adverse consequences on a teacher for his failure to comply with the amendment, the very existence of the statutory mandate might inhibit a teacher from exercising whatever constitutional right he may have to refrain from leading his class in the recitation of the pledge of allegiance. Indirect discouragement of the exercise of First Amendment rights has been condemned. The Supreme Court of the United States observed in *Laird* v. *Tatum,* 408 U.S. 1, 11 (1972) that "[i]n recent years this Court has found in a number of cases that constitutional violations may arise from the deterrent, or 'chilling,' effect of governmental regulations that fall short of a direct prohibition against the exercise of First Amendment rights. E.g., *Baird* v. *State Bar of Arizona,* 401 U.S. 1 (1971); *Keyishian* v. *Board of Regents,* 385 U.S. 589 (1967); *Lamont* v. *Postmaster General,* 381 U.S. 301 (1965); *Baggett* v. *Bullitt,* 377 U.S. 360 (1964)." We, therefore, turn to the question whether a teacher has a constitutional right to decline to comply with a mandate such as is contained in the proposed amendment.

The Supreme Court of the United States has not had an occasion to consider whether a teacher has a constitutional right to decline to participate in the recitation of the pledge of allegiance to the flag in circumstances where a statute or other directive purports to require his participation. In *West Virginia State Bd. of Educ.* v. *Barnette,* 319 U.S. 624 (1943), the Supreme Court held that a requirement that a student recite the pledge of allegiance to the flag and salute the flag, under the threat of expul-

sion for failure to comply, unconstitutionally violated the rights of a student who objected to the requirement on religious grounds. In reaching its conclusion, the Supreme Court did not express its views solely in terms of persons objecting on religious grounds but rather invalidated the requirement on broad First Amendment principles. That Court said, "If there is any fixed star in our constitutional constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or force citizens to confess by word or act their faith therein. If there are any circumstances which permit an exception, they do not now occur to us [footnote omitted].

"We think the action of the local authorities in compelling the flag salute and pledge transcends constitutional limitations on their power and invades the sphere of intellect and spirit which it is the purpose of the First Amendment to our Constitution to reserve from all official control." *Id.* at 642.

In our view, the rationale of the *Barnette* opinion applies as well to teachers as it does to students. Other courts have relied on the *Barnette* decision in holding that provisions requiring teachers to lead their classes in daily recitations of the pledge of allegiance violate the First Amendment rights of teachers. See *Russo* v. *Central School Dist. No. 1*, 469 F.2d 623, 630-634 (2d Cir. 1972), cert. denied, 411 U.S. 932 (1973); *Hanover* v. *Northrup*, 325 F. Supp. 170 (D. Conn. 1970); *State* v. *Lundquist*, 262 Md. 534, 554-555 (1971). The Supreme Court of the United States has said that teachers do not "shed their constitutional rights to freedom of speech or expression at the schoolhouse gate." *Tinker* v. *Des Moines Independent Community School Dist.*, 393 U.S. 503, 506 (1969).

The Court's basic reasoning in its decision in the *Barnette* case makes fruitless any attempt to rely on any features of House No. 5627 which may distinguish it from the West Virginia resolution involved in the *Barnette* case. The purpose of fostering expression of patriotic views is apparent in both measures. Although most citizens find affirmation of the patriotic sentiments contained in the

pledge of allegiance unobjectionable, the teaching of the
*Barnette* decision is clear. Any attempt by a governmental
authority to induce belief in an ideological conviction by
forcing an individual to identify himself intimately with
that conviction through compelled expression of it is pro-
hibited by the First Amendment.[4] *Lathrop* v. *Donohue,*
367 U.S. 820, 858-859 (1961) (Harlan, J., concurring).

If a statute impinges on First Amendment rights, it may
be sustained only if the State has a countervailing interest
which is sufficiently compelling to justify its action. See
*Wooley* v. *Maynard,* 430 U.S. 705, 710 (1977); *United
States* v. *O'Brien,* 391 U.S. 367, 376-377 (1968). The Leg-
islature's purpose in requiring schoolteachers to lead stu-
dents in a recitation of the pledge of allegiance is to instill
attitudes of patriotism and loyalty in those students. See
*Nicholls* v. *Mayor & School Comm. of Lynn,* 297 Mass.
65, 69 (1937). However commendable the Legislature's
interest may be in imbuing young people with patriotic
feelings, that interest can only be implemented through a
precise and narrowly drawn provision which achieves the
basic purpose without compromising First Amendment
rights. See *Wooley* v. *Maynard,* 430 U.S. 705, 710-712
(1977); *Sherbert* v. *Verner,* 374 U.S. 398, 406-407 (1963);
*Shelton* v. *Tucker,* 364 U.S. 479, 488 (1960). Freedom of
expression, which includes the right to remain silent
(*Brown* v. *Louisiana,* 383 U.S. 131 [1966]), is "susceptible
of restriction only to prevent grave and immediate danger
to interests which the State may lawfully protect." *West
Virginia State Bd. of Educ.* v. *Barnette, supra* at 639. The
views of the Supreme Court of the United States compel
us to conclude that the proposed amendment does not
meet this standard as to teachers.

Therefore, we answer that as applied to teachers House
No. 5627 would violate the First Amendment of the

---

[4] The viability of the *Barnette* rationale recently has been reaffirmed
by the Supreme Court's opinion in *Wooley* v. *Maynard,* 430 U.S. 705
(1977), where the Court held that the State of New Hampshire violated
the First Amendment principles articulated in *Barnette* by requiring
its citizens to display the State motto "Live Free or Die" on their auto-
mobile license plates.

Federal Constitution and for that reason the answer to question 1 is "Yes."[5]

2. Because we have concluded that H. 5627 unconstitutionally infringes on the First Amendment rights of teachers, we need not consider whether the bill is also an unconstitutional infringment on the rights of students. Section 69 contains no criminal penalty for a student who fails to participate in the recitation of the pledge of allegiance to the flag. See *Nicholls* v. *Mayor & School Comm. of Lynn, supra* at 68. We think it is clear from the opinion of the Supreme Court of the United States in the *Barnette* case that no punishment of any kind may be imposed on a student who elects, as a matter of principle, to abstain from participation.

If the Legislature enacted a statute which permitted a student or teacher to sit quietly without participating in the pledge of allegiance by others in a classroom, different and yet still difficult constitutional questions would be presented, on which our opinion has not and could not be sought by the Governor in the circumstances. See *Goetz* v. *Ansell,* 477 F.2d 636, 638 (2d Cir. 1973); *Banks* v. *Board of Pub. Instruction of Dade County,* 314 F. Supp. 285, 294-296 (S.D. Fla. 1970) (three-judge court), aff'd, 450 F.2d 1103 (5th Cir. 1971); *Frain* v. *Baron,* 307 F. Supp. 27 (E.D.N.Y. 1969).

We answer question 1, "Yes."

We beg to be excused from answering question 2.

EDWARD F. HENNESSEY
BENJAMIN KAPLAN
HERBERT P. WILKINS
PAUL J. LIACOS
RUTH I. ABRAMS

---

[5] Because House No. 5627 would violate the First Amendment to the Constitution of the United States, we do not reach that portion of the Governor's first question which asks if the amendment would violate arts. 2 and 16 of the Declaration of Rights of the Massachusetts Constitution.

We do not agree with the answer of our colleagues. To answer the questions set forth in the Governor's request, in our opinion, requires a close examination of the prior law and the effect of the amendment proposed by House No. 5627.

Under G. L. c. 71, § 69, fourth sentence, each teacher in a public school must "cause the pupils under his charge to salute the flag and recite in unison with him" at the "opening exercises" in the school "at least once each week the 'Pledge of Allegiance to the Flag.' " Under the sixth sentence of the same section, "failure for a period of two consecutive weeks by a teacher to salute the flag and recite said pledge as aforesaid, or to cause the pupils under his charge so to do, shall be punished for every such period by a fine of not more than five dollars."

Long ago this court held that a child who asserted a religious objection to the required salute and recitation could be expelled from the school. *Nicholls* v. *Mayor & School Comm. of Lynn,* 297 Mass. 65, 69 (1937). For the reasons stated by our colleagues, it is clear that no such decision could be made today. *West Virginia State Bd. of Educ.* v. *Barnette,* 319 U.S. 624 (1943). In our view it is equally clear that teachers who find the salute or pledge "morally objectionable" cannot be required to participate in the salute or pledge. *Wooley* v. *Maynard,* 430 U.S. 705, 716 (1977). See *Russo* v. *Central School Dist. No. 1,* 469 F.2d 623, 630-634 (2d Cir. 1972), cert. denied, 411 U.S. 932 (1973); *Hanover* v. *Northrup,* 325 F. Supp. 170, 172 (D. Conn. 1970).

House No. 5627 proposes to substitute a new fourth sentence in G. L. c. 71, § 69: "Each teacher at the commencement of the first class of each day in all grades in all public schools shall lead the class in a group recitation of the 'Pledge of Allegiance to the Flag.' " The effect of this amendment would be (1) to eliminate any requirement that the teacher "cause" his pupils to do anything, (2) to eliminate any reference to a "salute" as distinguished from the "Pledge," (3) to substitute "the commencement of the first class" for the "opening exercises," and (4) to change

from a weekly requirement to a daily requirement. No change is proposed in the sixth sentence. In the *Nicholls* case, *supra* at 68, we said that the statute "established no penalty for a disobedient pupil, but is directed to the school committee and to the teacher." After enactment of the proposed amendment, the sixth sentence would be somewhat confusing, but we think it should then be read to impose no fine on teachers either for "failure ... to salute the flag and recite said pledge as aforesaid," or for failure to "cause" pupils to do anything. A further amendment to strike the two quoted clauses from the sixth sentence would of course make this reading clearer.

There is no constitutional obstacle to a provision for voluntary participation by students and teachers in a pledge of allegiance to the flag. *In re Lewis* v. *Allen*, 5 Misc. 2d 68, 72-73 (Sup. Ct. 1957), aff'd, 11 App. Div. 2d 447 (1960), aff'd, 14 N.Y.2d 867, cert. denied, 379 U.S. 923 (1964). Cf. *Gaines* v. *Anderson*, 421 F. Supp. 337, 346 (D. Mass. 1976) (requirement of moment of silence). We would construe the bill to provide an opportunity for such voluntary participation. So construed, it is not unconstitutional.

We recognize that it is fairly arguable that a daily recitation may be less effective in promoting patriotism and loyalty than a weekly recitation. Any such argument should be addressed to the Legislature, or to the Governor. It is not a constitutional argument. The proposed amendment introduces no constitutional difficulty not found in the present statute.

We would answer both questions "No."

FRANCIS J. QUIRICO
ROBERT BRAUCHER