COMMONWEALTH *vs.* W. BARRINGTON COMPANY, INC.

Suffolk.   April 12, 1977. — June 14, 1977.

Present: KEVILLE, GRANT, & ARMSTRONG, JJ.

*Statute,* Construction.   *Labor.*   *Words,* "Public Works."

A contract for providing a city with motorized street sweepers and operators was subject to the wage provisions of G. L. c. 149, § 27F. [418-421]

COMPLAINT received and sworn to in the Municipal Court of the City of Boston on October 16, 1975.

On appeal to the Superior Court, a question of law was reported by *Glynn,* J., a judge of the Municipal Court of the City of Boston sitting under statutory authority.

*John F. Dunn* for the defendant.

*Guy A. Carbone,* Special Assistant District Attorney, for the Commonwealth.

*Harold B. Roitman,* for Local Union No. 379, International Brotherhood of Teamsters, Chauffeurs, Warehouse-

men and Helpers of America, amicus curiae, submitted a brief.

GRANT, J.   The complaint in this matter is framed under G. L. c. 149, § 27F,[1] and was submitted to the Superior Court on a statement of agreed facts, the essence of which may be summarized as follows. On June 25, 1974, the defendant entered into a contract in writing with the city of Boston, acting through its department of public works, under which the defendant agreed to furnish motorized street sweepers with their operators for the purpose of keeping the streets clean in a specified section of the city. The contract provided that the defendant should pay the operators of the sweepers at the aggregate hourly rate of $6.33, representing $6.00 by way of straight wages and $.33 in lieu of payments to health and welfare plans. The components of that rate had been requested of and prescribed by the Commissioner of Labor and Industries (Commissioner), and had been specifically included in the contract, in accordance with the procedures contemplated by the first paragraph of § 27F. It was subsequently discovered, and it

---

[1] General Laws c. 149, § 27F, inserted by St. 1960, c. 795, reads: "No agreement of lease, rental or other arrangement, and no order or requisition under which a truck or any automotive or other vehicle or equipment is to be engaged in public works by the commonwealth or by a county, city, town or district, shall be entered into or given by any public official or public body unless said agreement, order or requisition contains a stipulation requiring prescribed rates of wages, as determined by the commissioner, to be paid to the operators of said trucks, vehicles or equipment. Any such agreement, order or requisition which does not contain said stipulation shall be invalid, and no payment shall be made thereunder. Said rates of wages shall be requested of said commissioner by said public official or public body, and shall be furnished by the commissioner in a schedule containing the classifications of jobs, and the rate of wages to be paid for each job. Said rates of wages shall include payments to health and welfare plans, or, if no such plan is in effect between employers and employees, the amount of such payments shall be paid directly to said operators.

"Whoever pays less than said rates of wages, including payments to health and welfare funds, or the equivalent in wages, on said works, and whoever accepts for his own use, or for the use of any other person, as a rebate, gratuity or in any other guise, any part or portion of said wages or health and welfare funds, shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars."

is now agreed, that the defendant paid all the operators at rates less than $6.33 per hour.

The Commissioner secured from the Municipal Court of the City of Boston nine complaints charging the defendant with violations of § 27F. The defendant was convicted on all the complaints and appealed to the Superior Court, where the single complaint now before us was submitted on the agreed facts already summarized. A Municipal Court judge, sitting in the Superior Court under statutory authority, has reported for our determination the question whether a contract such as the one already described is subject to the provisions of § 27F.[2]

The parties, the amicus curiae and we are all in agreement that the critical question is whether the sweeping of public ways is "public" work within the meaning of § 27F. There is no legislative history which is of any assistance in answering that question.[3] The Commonwealth's argument in favor of the Commissioner's administrative interpretation of the statute is unpersuasive because the record is silent as to any prior occasion on which the Commissioner may have considered circumstances similar to those of the present case.[4] Contrast *Gillis* v. *Mass. Cablevision, Inc.* 369 Mass. 526, 531, 534 (1976). The defendant bases its argument in part on abstract lexical definitions of "public works." See Webster's Third New International Dictionary

---

[2] The question actually posed by the judge is, "Does Mass. Gen. Laws, Chapt. 149, Section 27F apply to a street sweeping contract... or is such a contract, a contract for public services and not public works?" As indicated in the text of our opinion, we confine our consideration to the first branch of the question. If § 27F does not apply to the circumstances of this case, there is no need to determine whether the contract in question should be characterized as one "for public services."

[3] See 1959 Senate Doc. No. 188; 1960 House Doc. No. 2407; St. 1960, c. 795 ("An Act requiring payment of determined wages to operators of trucks and other equipment rented for use on public works").

[4] To the contrary, the record indicates that the Commissioner experienced some uncertainty as to how the operator of a street sweeper should be classified for the purpose of determining his wages.

1836 (1971 ed.);[5] Black's Law Dictionary 1781 (4th ed. rev. 1968). The parties and the amicus have cited numerous cases from other jurisdictions, none of which was concerned with a statute bearing any close resemblance to § 27F. "Neither answer to [the reported] question can be shown overwhelmingly to be correct, but we think the [Commonwealth's] position is to be preferred." *Eastman Kodak Co.* v. *Clerk of the Third Dist. Ct. of E. Middlesex*, 372 Mass. 232, 235 (1977).

The sweeping of public ways by motorized equipment is a function which, like street sprinkling (G. L. c. 40, § 16), is commonly performed by or under the direction of superintendents of streets and boards and departments of public works in cities and towns. See G. L. c. 41, §§ 21, 66, 68 and 69. It is a function akin to several of those which the Department of Public Works of the Commonwealth (DPW) is specifically required to perform in the maintenance of State highways, and which often require the use of trucks and related equipment. See G. L. c. 81, §§ 13 (removal of brush) and 14 (removal of trees, tree limbs and shrubbery bordering State highways). See, generally, c. 81, § 15. It is common knowledge that all the types of work just referred to can be, and often are, performed by private contractors using their own employees and equipment rather than by the public labor force using publicly owned equipment. It appears to be common ground that the street sweeping equipment here in question fell within the ambit of G. L. c. 149, § 27F, and we have no doubt that the work called for by the contract was "public" in the sense in which that word is used in the section.

The defendant's principal argument against the applicability of § 27F is that implicit in the words "public works" is the concept of "construction," a factor which is noticeably absent from the present case. We think the argument overlooks the framework and the subject matter of related

---

[5] This authority excludes the "grading and lighting of streets" from its definition of "public works."

provisions found in G. L. c. 149 ("LABOR AND INDUS-
TRIES"). Section 27F was inserted in the subdivision of
c. 149 which is entitled "PUBLIC EMPLOYMENT" (see
*Gallagher* v. *Contributory Retirement Appeal Bd.* 4 Mass.
App. Ct. 1, 6, 7 [1976]), at a point almost immediately fol-
lowing §§ 26 through 27D of that chapter, as then in effect.[6]
Each of those sections was, and still is, concerned in one
way or another with the payment of minimum wages pre-
scribed by the Commissioner to public employees as well
as the employees of private contractors who are engaged in
the construction of public works. Those sections were, and
still are, interlaced with copious variations of the phrases
"construction of public works" (§§ 26, 27 and 27C), and
"public works to be constructed" (§§ 26, 27 and 27A). The
words "construction" and "constructed" were, and still are,
defined to include "additions to and alterations of public
works" (§ 27D).[7] Sections 26 through 27D provided, and
still provide, a comprehensive statutory scheme requiring
the payment of the prescribed minimum wages to practi-
cally all employees, public or private, who are engaged in
the "construction" of public works. It was in the light of
this explicit background (see *Commissioner of Labor &
Indus.* v. *Boston Housing Authy.* 345 Mass. 406, 415 [1963])
that the Legislature selected the unqualified words "public
works" which are found in § 27F. If the intention was that
the prescribed wage provisions of that section should be
limited in their application to employees engaged in public
works involving "construction," the new section would
have been completely unnecessary. See *Insurance Rating
Bd.* v. *Commissioner of Ins.* 356 Mass. 184, 189 (1969).

---

[6] See G. L. c. 149, §§ 26 through 27D, as appearing in St. 1935,
c. 461, and as subsequently amended. None of the amendments to any
of those sections is of any present significance; it is enough to note
that the quoted or paraphrased portions thereof have survived all
amendments.

[7] See also § 27E, inserted by St. 1938, § 67, which accorded, and still
accords, an employment preference to local residents in connection
with the "construction, reconstruction, alteration or repair of any pub-
lic works" conducted under the aegis of the DPW.

It is arguable, of course, that if the Legislature had intended to include work such as the sweeping of public ways within the ambit of § 27F, it would have said so explicitly (see *Commonwealth v. Hayes,* 372 Mass. 505, 509-510 [1977]), but we see no occasion for invoking the principle that an ambiguous penal statute is to be strictly construed against the Commonwealth. See *Davey Bros. Inc.* v. *Stop & Shop, Inc.* 351 Mass. 59, 63 (1966); *Opinion of the Justices,* 372 Mass. 874, 876 (1977).

We answer the question reported (see note 2, *supra*) in the affirmative.

*So ordered.*