RAYMOND T. TRIMMER, JR., petitioner.

Middlesex. May 2, 1978. — June 30, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, LIACOS, & ABRAMS, JJ.

*Sex Offender. Constitutional Law*, Sex offender.

A petitioner who was committed for an indeterminate period as a sexually dangerous person under G. L. c. 123A, §§ 4, 5, was not unlawfully denied a speedy hearing under c. 123A, § 9, by the fact that there was a delay of over two years between the filing of his petition for discharge and the hearing where the petitioner was not prejudiced by the delay, no notice had been sent to the district attorney by the petitioner as required by § 9, and the delay was not intentional. [590-592]

PETITION filed in the Superior Court on August 19, 1974.

The case was heard by *Linscott*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Herbert W. Boudreau Jr.*, for the petitioner.

*Stephen J. Kiely*, Assistant District Attorney, for the Commonwealth.

ABRAMS, J. In this proceeding the petitioner challenges his continued commitment to the treatment center at the Massachusetts Correctional Institution at Bridgewater (Bridgewater) as a sexually dangerous person (SDP) on the ground that the Superior Court failed to accord him a speedy hearing in violation of G. L. c. 123A, § 9, the Federal Constitution, and the Massachusetts Constitution. We conclude that the petitioner was not unlawfully denied a speedy hearing.

On March 20, 1973, the petitioner entered a plea of guilty to an indictment charging him with rape. The petitioner was committed to Bridgewater for a sixty-day period of observation. On June 19, 1973, after a hearing, a judge of the Superior Court found him to be an SDP and ordered him committed to Bridgewater for an indeterminate period of from one day to life in lieu of sentence. G. L. c. 123A, §§ 4, 5.

On July 31, 1974, a senior psychiatrist at Bridgewater filed in the Superior Court a report in accordance with G. L. c. 123A, § 9, which recited "that there has been no progress of cure in this case." On August 19, 1974, the petitioner filed a petition for discharge which was docketed by the clerk's office. On May 17, 1976, an attorney was appointed to represent the petitioner. A motion for an independent psychiatric examination was filed on June 17, 1976, and allowed on June 21, 1976. A motion for discharge was also filed on June 17, 1976, but no action was taken on that motion at that time. In the early fall of 1976 two psychiatrists and the staff at Bridgewater filed reports. All of the reports concluded that the petitioner was still an SDP.

On October 28, 1976, a hearing was held on the motion for discharge. The motion requested a discharge from Bridgewater on the ground "[t]hat the petitioner has been denied his rights under [c. 123A, § 9] specifically, but not exclusively limited to, his right to a speedy hearing under said section." After hearing the judge denied the motion for discharge based on failure to provide a speedy hearing and denied the petitioner's request for discharge pursuant to § 9 on the merits.

Section 9 of c. 123A, as amended through St. 1966, c. 608, provides in pertinent part that "any person committed to the center, or a branch thereof, shall be entitled to have a hearing for examination and discharge once in every twelve months, upon the filing of a written petition . . . . A copy of said petition shall be sent to the district attorney . . . and to the parole board within fourteen days after the filing thereof. Said petition shall be filed in a superior court for the district in which said person was committed, and the court shall set a date for a speedy hearing."

The petitioner contends that the failure to provide him with a hearing on his 1974 petition within twelve months of its filing violated the requirement of a speedy hearing set forth in G. L. c. 123A, § 9, and requires his discharge. We disagree.

While § 9 requires that a speedy hearing be held, it clearly does not set an express time limitation within which the court must hold a reexamination hearing. Cf. G. L. c. 277, § 72A. The one-year period, rather than serving as an automatic criterion of whether a speedy hearing was provided, fixes a limitation on the number of hearings which an SDP may request.

Whether a petitioner was denied his right to a speedy hearing must be determined in the light of the purposes of the reexamination hearings and the procedures designed to implement the hearings.

"In construing the statute we are also mindful of its purposes which are to ascertain who are sexually dangerous persons for the protection of society, and to cure and reha-

bilitate them as soon as possible." *LaMorre* v. *Superintendent of Bridgewater State Hosp.*, 347 Mass. 534, 538 (1964). The Legislature determined that an indefinite commitment from one day to life is necessary to accomplish these objectives. See G. L. c. 123A, §§ 5, 6.

Because of this allowed period of commitment, the Legislature provided mechanisms for the redetermination whether a person was sexually dangerous. In addition to providing for petitions for discharge, G. L. c. 123A, § 9, requires the parole board to hear such person "at least once during the first twelve months following commitment, provided such person is otherwise eligible for parole, and at least once in every three-year period thereafter, and at any time upon the recommendation of two psychiatrists appointed by the commissioner of mental health that he is a fit person for parole."

Thus the purposes of permitting an SDP to petition for discharge are to provide periodic redeterminations whether a person is sexually dangerous and to ensure early release of an SDP as soon as he is no longer sexually dangerous. At no time during his commitment do the medical reports filed in this case indicate that the petitioner was no longer an SDP. In fact, after the hearing on October 28, 1976, the judge found that the petitioner was still an SDP, and the petitioner does not challenge that finding before this court. Thus we cannot conclude that the delay in granting him a hearing has resulted in prejudice to him.

Under G. L. c. 123A, § 9, a copy of the petition for discharge must be sent "to the district attorney for the district where the original proceedings were commenced and to the parole board within fourteen days after the filing" of the petition. Apparently the petition for discharge never came to the attention of the district attorney. Since notice to the district attorney is mandated by the statute, the failure of the petitioner to file a copy of the petition with the district attorney precludes charging the Commonwealth with failing to meet its obligation under the statute.

Moreover, although the petitioner does not state specific reasons for the delay, he does not claim that the delay was intentional.

Where, as here, the mental reports before the judge indicated that the petitioner continued to be an SDP, no notice was sent to the district attorney by the petitioner, as required by statute, and the delay was not intentional, we cannot conclude that the petitioner was denied his right to a speedy hearing in violation of G. L. c. 123A, § 9.[1]

The petitioner also argues that under the balancing test of *Barker* v. *Wingo*, 407 U.S. 514 (1972), and *Commonwealth* v. *Horne*, 362 Mass. 738 (1973), the delay before his hearing violated his constitutional right to a speedy trial and that therefore he is entitled to release. This claim was not set forth in the petitioner's motion for discharge. Further, the record does not contain a sufficient statement of the evidence relevant to the balancing test. We decline to consider additional grounds not urged below and unsupported by the record. *Commonwealth* v. *Lewis*, 346 Mass. 373, 383 (1963), cert. denied, 376 U.S. 933 (1964).

The order denying the petitioner's motion for discharge was correct, and the denial of Trimmer's petition is affirmed.

*So ordered.*

---

[1] The petitioner has not argued that cases dealing with the constitutional right to a speedy trial are applicable in determining whether a speedy hearing under G. L. c. 123A, § 9, has been denied; nor are there sufficient facts presented to enable us to apply the balancing test announced in those cases. See *Barker* v. *Wingo*, 407 U.S. 514 (1972); *Commonwealth* v. *Horne*, 362 Mass. 738 (1973). However, we have noted that speedy trial cases are not inapposite when proceedings under G. L. c. 123A are considered. *Lamb, petitioner*, 368 Mass. 491, 499-500 (1975). If the relevance of such cases were properly argued and presented, we would consider the applicability of the more explicit balancing approach advanced in them to the determination whether an SDP has been denied a speedy hearing. Any specific application of these cases themselves would, of course, involve consideration of the differences between reexamination hearings and criminal trials.