COMMONWEALTH *vs.* EMELIO J. DELLICOLLI. October 8, 1980. 1. The judge erred in allowing the defendant's motion to suppress. The affidavit of the State police officer was replete with facts from which probable cause to issue a search warrant could be found, not the least of which were the two telephone conversations initiated by the officer to the defendant's premises during which the informer placed several bets on horse races. See

*Spinelli* v. *United States,* 393 U.S. 410, 416 (1969); *Commonwealth* v. *Alessio,* 377 Mass. 76, 82 (1979). The observations of the premises over a considerable period of time, and countless telephone calls which revealed a "busy line" within a few minutes before posttime for the first race at local race tracks, buttressed the foundation of probable cause. See *Commonwealth* v. *Lotfy,* 8 Mass. App. Ct. 126, 130-132 (1979). Contrast *Commonwealth* v. *Taglieri,* 378 Mass. 196, 200 (1979). An informant's tip, though inadequate in itself, may be successfully fortified through corroboration of its elements by means of police observations and investigation. *Commonwealth* v. *Kaufman,* 381 Mass. 301, 302 (1980).

2. The defendant's argument that the Commonwealth's appeal is fatally tardy is without merit. The judge, in effect, allowed a late appeal by the Commonwealth (see Mass.R.Crim.P. 15[a][2] & [3], 378 Mass. 882 & 883 [1979]) when he denied the defendant's "Motion to Nullify the Commonwealth's Purported Authorization for Appeal and Claim of Appeal." With an eye toward removing any obscurity lurking in the judge's action, we have allowed the Commonwealth's motion for late filing of its claim of appeal. See Mass.R.App.P. 14(b), 365 Mass. 859 (1974). Equally unpersuasive is the defendant's claim that the authorization for appeal (Mass.R. Crim.P. 15[a][3][B], 378 Mass. 883 [1979]) was improperly executed because it was signed by an assistant district attorney and not by the district attorney. The term "district attorney" includes assistant district attorneys. Mass.R.Crim.P. 2(b)(6), 378 Mass. 845 (1979).

*Order allowing motion to*
*suppress evidence reversed.*


*Dyanne Klein Polatin,* Assistant District Attorney (*Michael P. Hickey,* Assistant District Attorney, with her) for the Commonwealth.
*Michael T. Stella, Jr.* (*Michael T. Stella, Sr.,* with him) for the defendant.