COMMONWEALTH *vs.* GUIDO MARCHIONDA.

Middlesex. December 7, 1981. — February 9, 1982.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal*, Appeal, District attorney, Dismissal, Empanelling of jury.

An assistant district attorney was a proper person to sign an authoriza-
   tion of the Commonwealth's appeal pursuant to Mass. R. Crim. P. 15
   (a) (3) (B), 378 Mass. 882 (1979), either in his own name or in the
   name of the district attorney. [240-242]
A defendant in a criminal proceeding, alleging a failure of prosecution
   due to the absence of a witness for the Commonwealth, was not en-
   titled to a dismissal under Mass. R. Crim. P. 36 (c), 378 Mass. 909
   (1979), for prejudicial delay, where the delay was caused by the de-
   fendant and not by the witness' absence. [242]
A defendant's allegation of illegality in the composition of the array and
   of the jury selection process in a criminal proceeding was not sup-
   ported by the record, and, in any event, dismissal of the complaint was
   not an appropriate remedy. [242-243]

COMPLAINT received and sworn to in the Fourth Eastern
Middlesex Division of the District Court Department on
December 5, 1979.

Upon appeal to the Lowell Division for trial by jury of
six, motions to dismiss were heard by *Sullivan,* J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court ordered direct appellate review on its
own initiative.

*James W. Sahakian,* Assistant District Attorney, for the
Commonwealth.

*Stuart I. Rosnick & Timothy G. Madigan,* for the defend-
ant, submitted a brief.

O'CONNOR, J. In this case the Commonwealth appeals a
ruling of a District Court judge dismissing a complaint

against the defendant. The case was transferred to this court on our own motion. We conclude that the dismissal was in error. We reverse.

The defendant was found guilty in the Fourth District Court of Eastern Middlesex of indecent exposure and was sentenced. He exercised his right of appeal to a six member jury and the case was scheduled for jury trial on November 20, 1980. At the first call of the case on that day the prosecutor informed the judge that the complaining witness had been summonsed but was not present, and the case was set down for second call. At second call the defense answered ready for trial. The prosecutor informed the judge that the complaining witness had not yet arrived but that the prosecutor's office had communicated with the Wilmington police department at approximately 9:55 A.M. and that the police would have the witness in court by 10:35 A.M. The judge stated that the jury would be empanelled and assented to the prosecutor's request not to swear the jury until the Commonwealth's witness was present.

Empanelment began. The jurors were called in the order of numbers assigned to them by the office of the jury commissioner for Middlesex county, pursuant to G. L. c. 234A, §§ 3, 14, and regulations thereunder. After seven women were called and the clerk asked the Commonwealth if it was content, defense counsel requested a bench conference. After the bench conference, in which the gender composition of the jury was discussed, the prospective jurors were excused and defense counsel made two oral motions. He informed the judge that it was 10:40 A.M. and that a defense witness had just gone outside and the complaining witness was not there, and he requested the judge to dismiss the case for lack of prosecution. The judge responded that he would reserve action on the motion. Defense counsel then challenged the jury array, asserting that it was comprised of a disproportionate number of women, and he challenged the procedure by which the jurors were called in the order of preassigned numbers. He moved for dismissal on these grounds.

Before taking action on the two motions, the judge heard testimony from a court officer concerning the procedure adopted by the office of the jury commissioner under G. L. c. 234A. Another bench conference then took place in which the judge stated that he was very bothered by the jury selection process and that he was going to allow the defendant's motion to dismiss but the stated reason would be the Commonwealth's failure to prosecute. The following colloquy then occurred:

THE PROSECUTOR: "Your Honor, I haven't been able to find out yet . . . ."

THE JUDGE: "I don't care whether she's here now. I'm dismissing the case. On the basis of defense counsel's motion to dismiss — his first motion to dismiss, namely, that they have been here, been ready for trial, that the police witnesses are not here. The Court dismisses the action."

The Commonwealth's objection was noted.

Eighteen days later the Commonwealth filed a notice of appeal, and a purported authorization for appeal pursuant to Mass. R. Crim. P. 15 (a) (3) (B), 378 Mass. 882 (1979), which is signed as follows:

> "For the Commonwealth,
>
> John J. Droney
> District Attorney
>
> by:   /s/ Peter W. Agnes, Jr.
> _____
> Peter W. Agnes, Jr.
> Assistant District Attorney
> . . . ."

1. *Adequacy of the Authorization of the Appeal.*

Rule 15 (a) (1) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 882 (1979), gives the Commonwealth the right to appeal a decision by a District Court judge granting a motion to dismiss. Rule 15 (a) (3) (A), 378 Mass. 882 (1979), provides that the appeal "shall be taken upon the ruling of the judge, or within such other time as the

judge may allow . . . ." Subsection (a) (3) (B) of rule 15, 378 Mass. 882 (1979), provides: "Approval. The approval of the district attorney or the attorney general must be obtained for an appeal under this subdivision (a). A signed authorization for the appeal must be filed with the court within three days after the decision of the judge or within such other time as the judge may allow."

The notice of appeal and the authorization form were filed within the time allowed by the judge and were therefore timely.

Rule 2 (b) (6) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 844 (1979), provides that wherever the words "district attorney" are used in the rules they include assistant district attorneys unless a contrary intent clearly appears from the context in which they are used. It does not clearly appear from the context of rule 15 (a) (3) (B) that "district attorney" does not include assistant district attorneys.

Rule 15 (b) gives the Commonwealth the right to appeal a Superior Court decision granting a motion to dismiss. There is no requirement that the appeal be approved. The difference in requirements is explained by the fact that in the Superior Court the Commonwealth's cases are prosecuted only by district attorneys, assistant district attorneys, the Attorney General, and assistant attorneys general, while in the District Courts the Commonwealth's cases are prosecuted not only by those officers but also by police and other prosecutors not associated with the Attorney General's office or the office of a district attorney. The purpose of rule 15 (a) (3) (B) is to discourage frivolous appeals in the District Courts,[1] specifically appeals by prosecutors who are not district attorneys, assistant district attorneys, the Attorney General, or assistant attorneys general. If the objective were to discourage frivolous appeals by assistant district attorneys and assistant attorneys general, the approval requirement would appear in the section of the rule that deals

---

[1] See Reporters' Notes to Mass. R. Crim. P. 15, Mass. Ann. Laws, Rules of Criminal Procedure at 335-337 (1979).

with appeals of Superior Court decisions. The implication is that assistant district attorneys and assistant attorneys general are expected to make sound judgments concerning the propriety of appeals of judicial decisions and that they are included in the class of persons who may approve an appeal and sign an authorization of appeal pursuant to rule 15 (a) (3) (B). This holding accords with *Commonwealth* v. *Dellicolli*, 10 Mass. App. Ct. 909 (1980). Assistant District Attorney Agnes was a proper person to sign the authorization of appeal in this case, either in his own name or in the name of the district attorney for the Northern District.

2. *Dismissal of the Complaint.*

The defendant sought dismissal of the case on two grounds. The first of these was that there was a failure of prosecution due to the absence of the Commonwealth's witness. The second ground was illegality of composition of the array and of the juror selection process.

The defendant argues that he was entitled to dismissal under Mass. R. Crim. P. 36 (c), 378 Mass. 909 (1979). The judge does not appear to have found the facts required by that rule as a basis for dismissal for prejudicial delay, nor would the record warrant such findings. The record shows that to the extent trial was delayed, the delay was caused by the defendant's challenge of the array and the juror selection process. The empanelment process had not been completed before the case was dismissed. That process was not delayed by the absence of the witness.

It does not appear that the defendant's motion was intended to raise a question of deprivation of the defendant's constitutional right to a speedy trial, which the defendant urges here in support of the judge's allowance of the motion to dismiss. An issue not fairly raised before the trial judge will not be considered for the first time on appeal. *Commonwealth* v. *Lewis*, 346 Mass. 373, 383 (1963), cert. denied, 376 U.S. 933 (1964). See also *Trimmer, petitioner*, 375 Mass. 588, 592 (1978).

It is evident that the judge dismissed the complaint because of his concern about the array and the juror selection

process.  This was error.  There is nothing in the record to show any illegality in the composition of the array or in the juror selection process.  Dismissal of the complaint would not have been an appropriate remedy in any event.  See G. L. c. 234A, § 48, and *Commonwealth* v. *Soares*, 377 Mass. 461, 491, cert. denied, 444 U.S. 881 (1979).

The order of the judge dismissing the complaint is reversed. The case is remanded to the District Court for further proceedings consistent with this opinion.

*So ordered.*