GEORGE R. LUND, petitioner. No. 92-P-1313. August 20, 1993. *Sex Offender. Due Process of Law*, Sex offender. *Constitutional Law*, Sex offender, Speedy trial.

Following his 1980 conviction and sentence on an indictment charging him with rape, the petitioner, George R. Lund, was found to be a sexually dangerous person. He was committed to the Massachusetts Treatment Center for the Sexually Dangerous (treatment center) for a period of one day to life. His sentence on the indictment is due to expire sometime in 1999. On April 4, 1989, he filed a petition for release pursuant to G. L. c. 123A, § 9. A hearing on that petition was held on October 30, 1991, after which the judge concluded that Lund remained a sexually dangerous person. The only claim made by him on appeal is that because he was denied a speedy hearing, he is entitled to be discharged. We affirm the denial of his petition.

1. *The facts.* Although Lund filed the petition pro se, he was appointed counsel four months later. No further action was taken until some nineteen months later, when, on March 19, 1991, a motion for immediate discharge was filed. That motion was denied without prejudice to its reconsideration should the petitioner not be afforded a hearing within ninety days. A hearing within that time period was scheduled, but the session for § 9 hearings was subsequently cancelled by the court for administrative reasons. On September 27, 1991, a second judge denied Lund's renewed motion for immediate discharge and scheduled a hearing on the petition for October 30, 1991. The hearing was conducted on that date.

2. *Discussion.* Based upon the repeal by St. 1990, c. 150, § 304, of the procedures for an original commitment to the treatment center, Lund claims that his right to a speedy hearing must be analyzed consistent with G. L. c. 123. Without citation to any specific section of c. 123, he states that the provisions of that chapter mandate (see *Hashimi* v. *Kalil*, 388 Mass. 607, 609-610 [1983]) either a new commitment hearing every year or immediate release. This simplistic, conclusory statement, based upon a passing reference to an inapposite holding, *ibid.*, is not appellate argument within the meaning of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975), and we do not consider any claims for relief based upon c. 123. See *Commonwealth* v. *Elder*, 389 Mass. 743, 747 n.9 (1983). Moreover, Lund does not either address St. 1990, c. 150, § 104, which expressly provides that G. L. c. 123A, § 9, is to apply to all persons at the treatment center by reason of an order of commitment issued prior to September 1, 1990, or cite and discuss *Thompson, petitioner*, 394 Mass. 502, 507-508 (1985), wherein the court rejected the claim, because of dissimilar functions and effects in the nature of the confinements, "that SDPs at the Bridgewater treatment center are entitled to an annual review similar to the one provided mentally ill patients confined under c. 123." *Commonwealth* v. *Davis*, 407 Mass. 47, 51 (1990).

Tracking the analysis of *Trimmer, petitioner*, 375 Mass. 588 (1978), we conclude that Lund was not unlawfully denied his right to a speedy hearing under § 9. Although he was appointed counsel on August 4, 1989, no complaint or other action on the petition was taken until March 19, 1991. There is nothing in the record before us which shows that the Attorney General or the district attorney was even sent a copy of the petition under § 9, and, therefore, that the Commonwealth was aware of it prior to the motion seeking an immediate discharge. We are not unmindful of the fact that a hearing on the petition was not conducted until seven months after the filing of the motion for immediate discharge, but an earlier hearing was attempted. The delay caused by the court's cancellation of the SDP session can hardly be attributed to Lund, but neither should it be weighed heavily against the Commonwealth. Cf. *Barker* v. *Wingo*, 407 U.S. 514, 531 (1972); *Doggett* v. *United States*, 112 S. Ct. 2686, 2693 (1992). Moreover, although Lund testified to experiencing anxiety over the impending § 9 hearing (but see *Strunk* v. *United States*, 412 U.S. 434, 439 [1973]) and being denied parole consideration on his sentence on the indictment (even though he did not apply for a parole hearing), we are unable to consider any claim to a constitutional right to a speedy hearing for the same reasons discussed in *Trimmer, petitioner*, 375 Mass. at 592 n.1. Finally, the mental reports before the judge at the hearing on the petition indicated that Lund, while arguably having made some progress with his problems, nonetheless continued to be a sexually dangerous person.

There was no error in the order denying the petitioner's motion for immediate discharge. The denial of the petition is affirmed.

*So ordered.*

*Harold Robertson* for the petitioner.

*Linda Nutting Murphy*, Assistant Attorney General, for the Commonwealth.