JOAN C. LINDEGREN *vs.* COMMONWEALTH.

Suffolk. April 22, 1998. - June 16, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*District Attorney. Attorney General. Practice, Criminal,* Immunity from prosecution.

This court concluded that the provisions of G. L. c. 233, § 20E, the immunity statute, allow the Attorney General and the district attorney, in their discretion, to delegate their authority to sign applications for immunity to an assistant district attorney or assistant attorney general; accordingly, an order granting immunity based on such an application was valid. [696-698]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on April 22, 1998.

The case was reported by *Abrams,* J.

The case was submitted on the papers filed.

*Oliver C. Mitchell, Jr.,* for the plaintiff.

*Robert M. Griffin,* Assistant District Attorney, for the defendant.

ABRAMS, J. A single justice reserved and reported the question whether a grant of immunity was valid if the district attorney or Attorney General did not personally sign the application for immunity. The application for immunity was allowed in 1996. The witness, who challenged the order on other grounds, did not appeal from the order granting immunity.[1] Due to time constraints, the matter was considered on the papers without oral argument. We then issued an order stating that the grant of immunity was valid, with an opinion or opinions to follow. This opinion is in explanation of that order.

On April 22, 1998, during trial and just prior to her testimony, the witness sought relief pursuant to G. L. c. 211, § 3. The witness asserts that, because the immunity statute, G. L. c. 233,

[1]On the result we reach, we need not consider the Commonwealth's argument that the witness waived her right to challenge the order by failing to take a timely appeal.

§ 20E, states "upon application of the attorney general or a district attorney," it requires that the Attorney General or the district attorney personally sign the application. She contends that, because the statute does not say "or an assistant attorney general or assistant district attorney," an application signed by an assistant attorney general or an assistant district attorney is invalid, and any order based on such an application also is invalid. We do not agree.

The witness relies on G. L. c. 272, § 99 F 1, which requires specially designated assistant district attorneys to sign wiretap applications, see *Commonwealth* v. *Vitello,* 367 Mass. 224, 254 (1975); *United States* v. *Smith,* 726 F.2d 852, 857 (1st Cir.), cert. denied sub nom. *Torres* v. *United States,* 469 U.S. 841 (1984). The witness claims that the Legislature's failure to mention assistant district attorneys or assistant attorneys general in G. L. c. 233, § 20E, suggests that the Legislature intended to require that the district attorney or the Attorney General personally sign the application. We do not agree.

The statutes[2] cited by the witness are not similar to G. L. c. 233, § 20E. Unlike G. L. c. 233, § 20E, the cited statutes are concerned with the power of assistant district attorneys or assistant attorneys general to act in specific circumstances in individual cases and, in the cases of wiretaps, with the constitutional rights of individuals.

By contrast, the Legislature's concern in G. L. c. 233, § 20E, was to protect the public by ensuring that no person be immunized before the Attorney General or a district attorney has the opportunity to be heard. That concern is met by the requirement in G. L. c. 233, § 20E, that the Attorney General and each district attorney receive notice of immunity applications and that any opposition by the attorney general or the district attorney be heard before immunity is granted.

We think the decision to apply for immunity is not materially different in its impact on the public from the decision to prosecute a case or take an appeal. We see no reason, therefore, that the discretion vested in the district attorney to delegate his or her authority in those circumstances should not also apply here. See *Commonwealth* v. *Marchionda,* 385 Mass. 238, 242 (1982); *Burlington* v. *District Attorney for the N. Dist.,* 381 Mass. 717, 720 (1980); *Commonwealth* v. *Feodoroff,* 43 Mass.

---

[2]The witness also relies on G. L. c. 277, § 70B; G. L. c. 276, § 62; G. L. c. 276, § 60; and G. L. c. 276, § 59, which all specifically mention assistant district attorneys.

App. Ct. 725, 727 (1997). See also Mass. R. Crim. P. 2 (b) (6), 378 Mass. 844 (1979).

We conclude that an application for immunity may be signed by an assistant district attorney or assistant attorney general and an order granting immunity based on such an application is valid.

The matter is remanded to the county court for entry of a judgment consistent with this opinion.